IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAVIER GOMEZ, | : | Civil No. 3:25-cv-1378 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| COMMONWEALTH OF PA, *et al.*, | : | |
| Defendants | : | |

FILED
SCRANTON
SEP 17 2025
PER _____
DEPUTY CLERK

## MEMORANDUM

Plaintiff Javier Gomez ("Gomez"), an inmate confined at the State Correctional Institution, Coal Township, Pennsylvania ("SCI-Coal Township"), initiated this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Gomez also filed a motion for leave to proceed *in forma pauperis*. (Doc. 11).

The complaint is presently before the Court for preliminary screening. For the following reasons, the Court will dismiss Gomez's complaint pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1).

### I.   Legal Standard

Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 F. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted[,]" or "seeks monetary relief from a

defendant who is immune from such relief." 28 U.S.C. §§ 1915A(b)(1), (2). The Court has a similar obligation with respect to actions brought *in forma pauperis* and actions concerning prison conditions. See 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1).

The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915A(b), 28 U.S.C. § 1915(e)(2), or 42 U.S.C. § 1997e(c) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Brodzki v. Tribune Co.*, 481 F. App'x 705, 706 (3d Cir. 2012) (*per curiam*); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations,...a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual

2

allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but...disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

3

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

Because Gomez proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II. The Complaint

Gomez asserts that the event giving rise to his claim occurred at SCI-Coal Township on July 14, 2022. (Doc. 1, at 1). He alleges that fellow inmate Higgin assaulted him on July 14, 2022, and he is "filing this civil & criminal action against Mr. Higgin." (*Id.*). Gomez alleges that inmate Higgin exhibited "abrasive/aggressive behavior", and he informed a John Doe correctional officer of this behavior. (*Id.*).

## III. Discussion

### A. Federal Rule of Civil Procedure 3

Pursuant to Federal Rule of Civil Procedure 3, "[a] civil action is commenced by filing a complaint with the court." Gomez failed to comply with this rule. Instead, he filed a letter/motion with the Court. (*See* Doc. 1). Although Rule 3 instructs that a suit is commenced by filing a complaint with the court, and Gomez failed to do so, the Court will nonetheless consider the claims in Gomez's filing.

4

B.    <u>Section 1983</u>

Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a § 1983 claim, a plaintiff must show a deprivation of a "right secured by the Constitution and the laws of the United States...by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

1.    **Claims Against Fellow Inmate**

Gomez names Higgin, the inmate who allegedly assaulted him, as a defendant in this § 1983 action. The law is clear that a defendant in a § 1983 action must be a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Gomez's claim against Defendant Higgin is plainly without merit because Higgin was not acting under color of state law when he allegedly assaulted Gomez. See Simonton v. Tennis, 437 F. App'x 60, 62 (3d Cir. 2011) (per curiam) (concluding that fellow inmate who assaulted prisoner plaintiff was not acting under color of state law). As a fellow inmate, he cannot be held liable under § 1983 and is entitled to dismissal from this action.[1]

---

[1] Gomez's attempt to sue "The Higgin Family" is likewise without merit. (See Doc. 1). They are not persons acting under color of state law. Dismissal of this claim without any further discussion is appropriate.

5

### 2. Statute of Limitations

"A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). A claim brought pursuant to 42 U.S.C. § 1983 is subject to the same statute of limitations that applies to personal injury tort claims in the state in which such a claim arises. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Kach v. Hose*, 589 F.3d 626, 639 (3d Cir. 2009). Gomez's claims arose in Pennsylvania; thus, the applicable statute of limitations is Pennsylvania's two-year statute of limitations for personal injury actions. 42 PA. CONS. STAT. ANN. § 5524(2). The statute of limitations period accrues when the plaintiff knows or has reason to know of the injury which is the basis of the § 1983 action. *See Garvin v. City of Phila.*, 354 F.3d 215 (3d Cir. 2003); *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991).

In the complaint, Gomez asserts that the alleged assault occurred on July 14, 2022. (Doc. 1, at 1). Gomez did not file his complaint until July 2025. The claims contained therein are governed by a two-year statute of limitations. Accordingly, any conduct prior to July 2023 is beyond the statute of limitations and may not form the basis of liability. The Court concludes that the claims in Gomez's complaint are time-barred. *See Wallace*, 549 U.S. at 388 (holding the plaintiff could have filed § 1983 suit as soon as the allegedly wrongful act occurred); *Santos v. Gainey*, 417 F. App'x 109, 110 (3d Cir. 2010) (determining

6

that the failure-to-protect claim accrued on the date the plaintiff was assaulted by other inmates).

### 3. Claims Against John and Jane Doe Individuals

Gomez also names ten John and Jane Doe individuals as Defendants in this action. (Doc. 1).

Although Gomez lists four John and Jane Doe medical personnel, he does not allege that they were deliberately indifferent to his medical needs and the complaint does not contain a single factual allegation against them. *See Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (holding that to state a medical care claim under the Eighth Amendment, inmates must "demonstrate (1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious").

Nor does Gomez adequately allege that any of the John and Jane Doe individuals failed to protect him from the inmate's assault. In order for a plaintiff to prove a constitutional violation in a failure to protect case, the plaintiff must allege that: (1) he was incarcerated under conditions posing a substantial risk of serious harm; (2) each defendant was deliberately indifferent to that risk; and (3) the defendant's deliberate indifference caused him harm. *Travillion v. Wetzel*, 765 F. App'x 785, 790 (3d Cir. 2019) (citing *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012), *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997)). Deliberate indifference requires that the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which

the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1970).

Gomez alleges that inmate Higgin exhibited "abrasive/aggressive behavior" prior to the alleged assault. (Doc. 1, at 1). Pursuant to the objective element of the failure to protect test, substantial risk of serious harm "'may be established by much less than proof of a reign of violence and terror,' *but requires more than a single incident or isolated incidents*." *Blanchard v. Gallick*, 448 F. App'x 173, 177 (3d Cir. 2011) (quoting *Riley v. Jeffes*, 777 F.2d 143, 147 (3d Cir. 1985) (emphasis added).

As for the subjective element of the test, Gomez has not alleged that inmate Higgin had an actual history of assault which made it so obvious that Defendants must have known of a general risk presented by the inmate. Nor does he allege that he had a history of violence with inmate Higgin. In cases involving an inmate-on-inmate attack, the Third Circuit has routinely found that, under the standards of a failure to protect claim, prison officials were not aware of a serious risk where there were no previous incidents of violence between the inmates, even if officials had notice of threats or potential for violence prior to the attack. *See Zuniga v. Chamberlain*, 821 F. App'x 152, 157 n.8 (3d Cir. 2020) (affirming grant of summary judgment to prison officials even where the inmate had reported a prior attack to an unnamed guard); *Matthews v. Villella*, 381 F. App'x 137, 139 (3d Cir. 2010) (affirming district court's dismissal of failure to protect claim, finding that the plaintiff's "alleged injuries do not rise to the level of 'serious harm,' and he has not alleged a

8

'pervasive risk of harm' from this single incident"); *Buoniconti v. City of Philadelphia*, 148 F.Supp.3d 425 (E.D. Pa. 2015) (allegation that attackers had a history of "known prior violent acts and propensity for violence" was insufficient to establish deliberate indifference). Gomez's attempt to demonstrate a substantial risk of harm based on nothing more than the inmate's general propensity towards violence represents the type of speculation that the Third Circuit has routinely deemed inadequate to support an Eighth Amendment claim. *See Bistrian*, 696 F.3d at 371, *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d Cir. 2020) (the risk that "an inmate with a history of violence might attack another inmate for an unknown reason" is too speculative to maintain a failure to protect claim against prison officials).

Moreover, the assertions in Gomez's complaint constitute nothing more than conclusory statements of wrongdoing, which are not entitled to the assumption of truth. *See Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (explaining that the plaintiff's allegations did not describe the defendants' conduct in sufficient detail so as to support the plaintiff's conclusory allegations that the defendants had any personal involvement in any violation of her constitutional rights, as required by § 1983 (citation omitted)); *Hayes v. Gilmore*, 802 F. App'x 84, 87 (3d Cir. 2020) (concluding that the plaintiff failed to state a claim under § 1983 where his conclusory statements regarding the wrongdoing of the prison staff were insufficient to demonstrate their necessary personal involvement in the allegedly unconstitutional conduct); *see also Iqbal*, 556 U.S. at 678


(stating that legal conclusions are "not entitled to be assumed true" (citation omitted)). Accordingly, any § 1983 claims against the John and Jane Defendants are also subject to dismissal for Gomez's failure to allege their personal involvement.

## IV.  Leave to Amend

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. *Phillips*, 515 F.3d at 245. Leave to amend may be denied based on undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Based on the many deficiencies identified in this Memorandum, including, but not limited to, being barred by the statute of limitations, the Court finds that amendment would be futile.

## V. Conclusion

Consistent with the foregoing, the Court will grant Gomez leave to proceed *in forma pauperis* and will dismiss his complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1).

A separate Order shall issue.

                                            Robert D. Mariani
                                            United States District Judge

Dated: September 17th, 2025